**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MILLS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Judge |
| | ) | Case No. |
| v. | ) ) | |
| BOWES IN HOME CARE, INC. | ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiff Christopher Mills, on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys and for his Complaint against Defendant Bowes In Home Care, Inc. ("Bowes" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     Plaintiff's claims against Defendant arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*., and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*., for Defendant's failure to pay home health clinicians overtime wages.

2.     Defendant is in the business of providing home health care services to patients in Illinois.

3.     Plaintiff and persons similarly situated to him are current and former Clinicians employed by Bowes who were responsible for providing health care services to patients in their homes.

1

4.     Plaintiff and persons similarly situated to him worked for Defendant as registered nurses, occupational therapists, physical therapists, speech language pathologists, licensed practical nurses, certified occupational therapy assistants, and physical therapy assistants (collectively "Clinicians").

5.     Defendant paid Plaintiff an hourly rate of pay for time he attended case conferences, staff meetings, and inservices.

6.     Defendant paid Plaintiff an hourly rate of pay for the time he acted as a preceptor for new hires.

7.     Defendant paid Plaintiff on a "per visit" basis for time he spent visiting patients.

8.     The "per visit" rates Defendant paid Plaintiff varied based on the estimated amount of time the home visit was expected to take.

9.     Defendant paid Plaintiff on a combined "per visit" and hourly basis, without the payment of any overtime wages for the time he worked in excess of forty (40) hours a week.

10.     For example, for the pay period between February 16, 2015 and March 1, 2015, Defendant paid Plaintiff Mills for seventy (70) regular visits; twenty-two (22) recertification, resumption of care, and start of care visits; fifty-nine (59) case management fees, and three (3) hours of case conference meeting attendance. See Exhibit A.

11.     Plaintiff worked more than forty (40) hours in the work week between February 16, 2015 and February 22, 2015.

12.     Plaintiff worked more than forty (40) hours in the work week between February 23, 2015 and March 1, 2015.

2

13.     Defendant did not pay Plaintiff any overtime wages for the overtime hours he worked between February 16, 2015 and March 1, 2015.

14.     In individual work weeks during the prior three (3) years, Defendant paid other Clinicians on a combined "per visit" and hourly basis, without the payment of any overtime wages for the time they worked in excess of forty (40) hours a week.

15.     Plaintiff was entitled under the FLSA to be paid one and one half times his regular rate of pay for the time he worked in excess of forty hours a week.

16.     Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207.

17.     Plaintiff was not exempt from the overtime provisions of the IMWL, 820 ILCS 105/4a.

18.     Defendant's failure to pay overtime wages to Plaintiff and other Clinicians who were paid on a combined "per visit" and hourly basis violated the overtime provisions of Section 7 of the FLSA.

19.     Defendant's failure to pay overtime wages to Plaintiff and other Clinicians who were paid on a combined "per visit" and hourly basis violated the overtime provisions of Section 105/4a of the IMWL.

20.     Plaintiff brings his FLSA claim as a collective action. Plaintiff's FLSA consent form is attached hereto as Exhibit B.

21.     Plaintiff brings his IMWL claim as a class action under Fed. R. Civ. P. 23.

**THE PARTIES**

22.     Plaintiff Christopher Mills resides in and is domiciled in Carpentersville, Illinois.

3

23.     Plaintiff was employed by Defendant in Illinois as a Registered Nurse between April 2013 and May 12, 2015.

24.     As a Clinician for Defendant, Plaintiff traveled to patient homes in various cities in the northwest suburbs of Chicago, including Carpentersville, Elgin, McHenry, and Crystal Lake.

25.     Defendant Bowes In Home Care, Inc. is an Illinois corporation.

26.     Defendant Bowes In Home Care Inc. does business within this judicial district.

27.     At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. §203(d).

28.     At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(d).

29.     Defendant Bowes was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. §203(d).

30.     Defendant Bowes was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

31.     Defendant Bowes is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. §203(s)(1).

32.     Defendant Bowes' annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Collective Action)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 32 of this Complaint.

33. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for its failure to pay overtime wages to Plaintiff.

34. Plaintiff was directed by Defendant to work, and he worked, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

35. Other Clinicians were directed by Defendant to work, and they did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

36. Plaintiff was entitled to be paid overtime wages at the rate of one and one half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

37. Other Clinicians who were paid on a combined hourly and fee basis were entitled to be paid overtime wages at the rate of one and one half times their regular rate of pay for time they worked in excess of forty (40) hours per week.

38. Defendant did not pay Plaintiff any overtime wages for the time he worked in excess of forty (40) hours per week.

39. Defendant did not pay other Clinicians paid on a combined hourly and fee basis any overtime wages for the time they worked in excess of forty (40) hours per week.

40. Defendant did not pay other Clinicians working in Illinois the overtime wages they earned in individual work weeks in the last three (3) years.

41. Defendant's failure to pay Plaintiff overtime wages at a rate of one and half times his regular rate of pay for time he worked in excess of forty (40) in individual work weeks

5

violated § 207 of the FLSA.

42.     Defendant's failure to pay other Clinicians overtime wages at a rate of one and half times their regular rate of pay for the time they worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.

43.     Defendant willfully violated the FLSA by failing to pay Plaintiff and other Clinicians overtime wages for the time they worked in excess of forty (40) hours per week.

44.     Plaintiff and other similarly-situated persons are entitled to recover unpaid overtime wages for up to three years prior to the filing of this suit.

        A.     A judgment in the amount of one and one-half times Plaintiff's and similarly situated persons' regular rate of pay for all time they worked in excess of forty (40) hours per week;

        B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

        C.     Reasonable attorneys' fees and costs incurred in filing this action; and

        D.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Minimum Wages**
**(Class Action)**

Plaintiff hereby realleges and incorporate paragraphs 1 through 44 of this Complaint.

45.     This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for its failure to pay Plaintiff and the class that he seeks to represent their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

46.     Plaintiff Christopher Mills, and members of the class he seeks to represent, are current and former Clinicians employed by Defendant in Illinois and who were not paid all of their earned overtime pay by Defendant.

47.     The relevant time period of this class action lawsuit is from August 4, 2012 to the present.

48.     Other Clinicians employed by Defendant are or were compensated by Defendant in the same manner as Plaintiff, on a combined per visit and hourly basis and without the payment of overtime wages for hours worked in excess of forty (40) per week.

49.     The number of Clinicians employed in Illinois who were paid on a combined per visit and hourly basis and who were not paid overtime wages exceeds fifty (50) persons over the prior three (3) years.

50.     Defendant's failure to pay Clinicians any overtime pay for the time they worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

51.     This Count is brought pursuant to Fed. R. Civ. P. 23 because other Clinicians are similarly situated to Plaintiff and they are so numerous that joinder of all members is impracticable.

52.     Plaintiff and other Clinicians are equally affected by the overtime wage payment violations of Defendant, and the relief sought is for the benefit of the individual Plaintiff and the class that Plaintiff seeks to represent.

53.     The issues involved in this lawsuit present common questions of law and fact.

54.     The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

55.      Plaintiff and the classes of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

56.     The violation alleged by Plaintiff is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

57.     Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

58.     Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

59.     If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

60.     A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

61.     Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the class pray for judgment against Defendant as follows:

A.      A judgment in the amount of all back wages due as provided by the Illinois Minimum

Wage Law;

B.  Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and

punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  Reasonable attorneys' fees and costs of this action as provided by the Illinois

Minimum Wage Law;

D.  An injunction precluding Defendant from violating the Illinois Minimum Wage Law;

and

E.  Such other and further relief as this Court deems just and proper.

Dated:  August 4, 2015

Respectfully submitted,

s/Maureen A. Salas
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah Arendt (sarendt@flsalaw.com)
Zac Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

David Fish (dfish@fishlawfirm.com)
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590 Phone
(630) 778-0400 Facsimile

Attorneys for Plaintiff

9

# EXHIBIT A

| File Number | | Employee Name | | | | | Company Name and Address |
|---|---|---|---|---|---|---|---|
| 0064 | | CHRISTOPHER MILLS | | | | | **BOWES IN HOME CARE INC** |

| Company | Division | Department | | Clock Number | | Social Security Number | 906 ROUTE 22 |
|---|---|---|---|---|---|---|---|
| 0930 | | 0015 | | | | XXX-XX-6555 | FOX RIVER GROVE, IL 60021 |

| Period Start | | Period Ending | | Check Date | | FW - E 01 | |
|---|---|---|---|---|---|---|---|
| FEB 16,2015 | | MAR 1,2015 | | MAR 13,2015 | | ST - E 01 | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | | YEAR TO DATE | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| REGULAR | 52.00 | 60.0000 | 3120.00 | FICA | 556.77 | DEN FAM | 60.64 | GROSS | 24690.75 |
| REGULAR | 18.00 | 100.0000 | 1800.00 | MEDFICA | 130.21 | VIS FAM | 12.18 | FICA | 1463.42 |
| REGULAR | 3.00 | 25.0000 | 75.00 | IL | 321.26 | 401 K | 459.07 | MEDFICA | 342.25 |
| REGULAR | 4.00 | 150.0000 | 600.00 | | | CHL9900 | 542.00 | STATE | 840.33 |
| REGULAR | 18.00 | 90.0000 | 1620.00 | | | | | DEN FAM | 303.20 |
| REGULAR | 59.00 | 33.3300 | 1966.47 | | | | | CHL9900 | 2282.85 |
| MILES | | | 154.10 | | | | | VIS FAM | 60.90 |
| | | | | | | | | 401 K | 807.32 |

| Totals | 154.00 | | 9335.57 | | 1008.24 | | 1073.89 | Voucher Number | Net Pay |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | 0000520 | *****7253.44 |

▼ **REMOVE DOCUMENT ALONG THIS PERFORATION** ▼

**BOWES IN HOME CARE INC**
906 ROUTE 22
FOX RIVER GROVE, IL 60021

| | DEPOSIT DATE | VOUCHER NO. |
|---|---|---|
| | MAR 13,2015 | 0000520 |

**DIRECT DEPOSIT - NON NEGOTIABLE**

Bank T/R#    Account#
071000013    xxxxxxxxx9292

**DEPOSIT AMOUNT**
7253.44 NET PAY

**CHRISTOPHER MILLS**
1524 MEADOWSEDGE LN.
CARPENTERSVILLE, IL 60110

DOCUMENT CONTAINS MULTI-COLORED PANTOGRAPH & MICROPRINTING. BACK HAS THERMOCHROMIC INK & A WATERMARK. HOLD AT AN ANGLE TO VIEW. VOID IF NOT PRESENT.

**NON NEGOTIABLE - DIRECT DEPOSIT VOUCHER - NON NEGOTIABLE**

# EXHIBIT B

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by **Bowes In Home Care, Inc.** or its parents, subsidiary or affiliated companies within the prior three (3) years and in one or more of those weeks was not paid all of the overtime wages owed to me as required by 29 U.S.C. §201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Christopher D. Mills_ (print your name)

Signature: _Chris Mills_

Date on which I signed this Notice: _June 22nd, 2015_
(today's date)